UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


MICHAEL ANTHONY CLARK,

      Plaintiff,

v.                                              Case No. 08-11255

STEPHEN J. MURPHY, JULIE A. BECK,        HON. AVERN COHN
KAREN M. GIBBS, NATE FOUNTAIN,
PATRICK CALDWELL, ROSS ROEL, ROSS
PARKER, REGIONAL DIRECTOR OF DRUG
ENFORCEMENT AGENCY, DETROIT AREA
VIOLENT CRIME TASK FORCE,

      Defendants.

_____/


**OPINION AND ORDER**
**ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**AND**
**GRANTING IN PART DEFENDANTS MOTION FOR SUMMARY JUDGMENT**
**AND**
**REMANDING MATTER TO MAGISTRATE JUDGE FOR SUPPLEMENTAL**
**REPORT AND RECOMMENDATION**


I.  Introduction

      This is a prisoner civil rights case under <u>Bivens</u>.[1]  Plaintiff Michael Anthony Clark is

a federal inmate proceeding <u>pro se</u> who has sued several defendants claiming that they

violated his rights which resulted in a federal prosecution.[2]  Plaintiff's five count complaint

asserts the following:  In Count I, plaintiff alleges that defendants violated his Fifth

Amendment right to due process of law by filing false applications for wiretaps and

---

      [1]<u>Bivens v. Six Unknown Named Bureau of Narcotics Agents</u>, 403 U.S. 388 (1971).

      [2]As explained in the MJRR, plaintiff is serving a sentence of 50 years for
convictions on various drug related offenses.  Plaintiff was also subject to criminal and civil
forfeiture proceedings.

committing perjury in connection with the proceedings relating to those wiretaps.  In Count II, he alleges that his Fourth and Fifth Amendment rights were violated by the use of a false affidavit to secure a warrant to search his residence.  In Count III, he alleges that he was denied his Fifth Amendment right to due process of law in connection with the forfeiture of his property.  In Count IV, plaintiff alleges that he was wrongfully convicted of being a felon in possession of a firearm because his right to possess firearms had been restored by state law, and that defendants maliciously prosecuted him for this crime knowing that his right to possess firearms had been restored.  Finally, in Count V plaintiff alleges that defendants presented false evidence to the grand jury regarding his participation in a continuing criminal enterprise, in violation of his Fifth Amendment right to due process of law and his Sixth Amendment right to a grand jury.  Plaintiff seeks $150 million in compensatory damages and $75 million in punitive damages.

The matter was referred to a magistrate judge for all pretrial proceedings and before whom the served defendants (Murphy, Beck, Gibbs, Fountain, Roel and Detroit Area Violent Crime Task Force) filed a motion to dismiss all of plaintiff's claims.  As will be explained, the only remaining defendants are Fountain and Roel.  On February 10, 2009, the magistrate judge issued an MJRR recommending that defendants motion be construed as a motion for summary judgment and be granted in part and denied in part.  Before the Court are defendants' objections to the MJRR.  For the reasons that follow, the MJRR will be adopted in part and the matter will be remanded to the magistrate judge for a supplemental MJRR consistent with this opinion.

## II.  Background

The MJRR accurately sets forth the relevant procedural facts and facts relating to

2

plaintiff's federal criminal case. Briefly, defendants filed a motion to dismiss arguing that: (1) Counts I, II, IV, and V are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (2) plaintiff lacks standing to challenge the forfeiture which is the subject of Count III; (3) any claims asserted against defendants in their official capacities are barred by sovereign immunity; (4) defendant Detroit Area Violent Crime Task Force is not a suable entity; (5) defendants Murphy, Beck, and Gibbs are entitled to prosecutorial immunity; (6) plaintiff's allegations are vague and conclusory and fail to allege personal involvement by defendants; and (7) plaintiff's claim under Count II fails even if not barred by Heck because the statute of limitations has expired.

Plaintiff then filed a motion for leave to file an amended complaint and a response to defendants' motion to dismiss. The magistrate judge granted plaintiff's motion for leave to amend. In his amended complaint, plaintiff conceded that his claims against defendants Murphy, Beck, Gibbs, and the Detroit Area Violent Crime Task Force were not proper, and the amended complaint removed them from the action. Plaintiff had not served Caldwell, DEA Regional Director, or Parker and the summons had expired. This left only Fountain and Roel as properly served defendants. Plaintiff also removed from the amended complaint any reference to his criminal conviction. Defendants filed a reply, combined with a response to plaintiff's motion to amend, arguing that the amended complaint suffers from the same flaws as his original complaint.

The magistrate judge recommends that plaintiff's claims under Counts III through V be dismissed but that plaintiff's claim under Count I continue and plaintiff's claim under Count II continue to the extent plaintiff alleges that defendants destroyed his property in

3

the execution of the search warrant.

### III.  Objections

Defendants object to the magistrate judges' recommendation that Counts I and II continue.  Plaintiff has not objected to the MJRR.  Thus, only Counts I and II are at issue.  With respect to Count I, the magistrate judge recommended that this claim not be dismissed because given the state of the current record, it is impossible to tell what extent the allegedly illegally obtained wiretap evidence contributed to plaintiff's conviction.  See MJRR at p. 12.  In their objections, defendants attached additional exhibits which were not submitted to the magistrate judge with their motion papers. These include the following:  (1) the Superceeding Indictment with respect to Counts 5, 7, 11, 13 and 33; (2) the district court's Rule 29 opinion; and (3) the district court's Sentencing Opinion.  Defendants say that these documents show that the wiretap evidence provided the basis for several of the criminal charges against plaintiff. Because this record evidence was not before the magistrate judge, the better course is to remand the matter to the magistrate judge for consideration of this evidence, along with any other supplemental evidence defendants may chose to submit, to determine whether the wiretap evidence was central to plaintiff's conviction so as to invoke Heck.

With respect to Count II, defendants say that the magistrate judge failed to consider its alternative argument that even if plaintiff's claim regarding the search warrant was not barred by Heck, it still fails because it is time barred.  Defendants raised the statute of limitations argument in both their brief in support of their motion and their reply brief.  To be fair, however, the argument was raised in footnotes.  See brief (Dkt. # 7) at p. 10, n. 3 and reply (Dkt. # 10) at p. 2 n. 2.  The magistrate judge did not

4

address the statute of limitations argument.  Under these circumstances, the matter

should be remanded to the magistrate judge to consider the argument in the first

instance.

### IV.  Conclusion

For the reasons stated above, the MJRR is ADOPTED IN PART.  Defendants'

motion to dismiss is GRANTED IN PART.  Counts III through IV of plaintiff's amended

complaint are DISMISSED.  The matter is REMANDED to the magistrate judge for a

supplemental report and recommendation with respect to Counts I and II consistent with

this opinion.

SO ORDERED.

  s/Avern Cohn                                  
AVERN COHN
UNITED STATES DISTRICT JUDGE


Dated:  March 26, 2009


I hereby certify that a copy of the foregoing document was mailed  to Michael Clark
28321039, ESP - Tucson, PO Box 24550, Tucson, AZ 85734  and  the attorneys of
record on this date, March 26, 2009, by electronic and/or ordinary mail.

  s/Julie Owens                                
Case Manager, (313) 234-5160

5