UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY CLARK,

    Plaintiff,

v.                                                        Case No. 08-11255

STEPHEN J. MURPHY, JULIE A. BECK,       HON. AVERN COHN
KAREN M. GIBBS, NATE FOUNTAIN,
PATRICK CALDWELL, ROSS ROEL, ROSS
PARKER, REGIONAL DIRECTOR OF DRUG
ENFORCEMENT AGENCY, DETROIT AREA
VIOLENT CRIME TASK FORCE,

    Defendants.

_____/

## ORDER CONSTRUING PLAINTIFF'S OBJECTIONS AS A MOTION FOR RECONSIDERATION AND DENYING THE MOTION

I.

This is a prisoner civil rights case under Bivens.[1] Plaintiff Michael Anthony Clark is a federal inmate proceeding pro se who has sued several defendants claiming that they violated his rights which resulted in a federal prosecution. The matter was referred to a magistrate judge for all pretrial proceedings and before whom the served defendants filed a motion to dismiss all of plaintiff's claims. The magistrate judge issued a report and recommendation (MJRR) recommending that defendants' motion be construed as a motion for summary judgment and be granted in part and denied in part. Defendants objected. The Court adopted the MJRR in part and remanded the matter to the magistrate judge for a supplemental MJRR. Specifically, the magistrate judge is directed to consider, with respect to Count I of the complaint, whether the government's additional evidence to

---

[1] Bivens v. Six Unknown Named Bureau of Narcotics Agents, 403 U.S. 388 (1971).

determine whether the wiretap evidence was central to plaintiff's conviction so as to invoke Heck.  With respect to Count II, the magistrate judge is to consider defendants' statute of limitations argument.  See Opinion and Order filed March 26, 2009.  Before the Court is plaintiff's paper styled "Plaintiff's Standing and Continuing Objections to the Court's Opinion and Order Dated/Filed March 26, 2009."  The Court construes the objections as a motion for reconsideration.

II.

E.D. Mich LR 7.1(g) governs motions for reconsideration, providing in relevant part:

> Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by implication.  The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

Plaintiff fails to satisfy this standard.  Plaintiff has not convinced the Court that a remand was in error.  Rather, plaintiff's arguments objecting to the remand are more appropriately made to the magistrate judge in considering the matter on remand.  Accordingly, plaintiff's motion is DENIED.

SO ORDERED.

Dated:  April 22, 2009           s/Avern Cohn
                                       AVERN COHN
                                       UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Michael Clark 28321039, ESP - Tucson, PO Box 24550, Tucson, AZ 85734  and the attorneys of record on this date, April 22, 2009, by electronic and/or ordinary mail.

  s/Julie Owens
Case Manager, (313) 234-5160