UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL ANTHONY CLARK,

    Plaintiff,

v.                                                                          Case No. 08-11255

NATE FOUNTAIN, and ROSS ROEL,                      HON. AVERN COHN

    Defendants.

_____/

**MEMORANDUM AND ORDER
ADOPTING MAGISTRATE JUDGE'S SUPPLEMENTAL REPORT AND
RECOMMENDATION
AND
GRANTING DEFENDANTS' MOTION TO DISMISS COUNTS I and II
AND
DISMISSING CASE**

I.

This is a prisoner civil rights case under Bivens.[1] Plaintiff Michael Anthony Clark is a federal inmate proceeding pro se who sued several defendants claiming that they violated his rights which resulted in a federal prosecution.[2] The matter was referred to a magistrate judge for all pretrial proceedings. As will be explained, following a report and recommendation which the Court adopted in part, the only remaining defendants are Fountain and Roel and the only claims are found in Counts I and II. In Count I, plaintiff alleges that defendants violated his Fifth Amendment right to due process of law by

---

[1] Bivens v. Six Unknown Named Bureau of Narcotics Agents, 403 U.S. 388 (1971).

[2] Plaintiff is serving a sentence of 50 years for convictions on various drug related offenses. Plaintiff was also subject to criminal and civil forfeiture proceedings.

filing false applications for wiretaps and committing perjury in connection with the proceedings relating to those wiretaps. In Count II, he alleges that his Fourth and Fifth Amendment rights were violated by the use of a false affidavit to secure a warrant to search his residence. The Court referred the matter back to the magistrate judge for a supplemental report and recommendation (Supp. MJRR) as to Counts I and II.

The magistrate judge issued a Supp. MJRR recommending that Counts I and II be dismissed. Before the Court are plaintiff's objections to the Supp. MJRR. For the reasons that follow, the Supp. MJRR will be adopted, Counts I and II will be dismissed, and the case will be closed.

II.

The MJRR and the Supp. MJRR accurately set forth the relevant facts relating to plaintiff's federal criminal case. Briefly, defendants filed a motion to dismiss arguing that: (1) Counts I, II, IV, and V are barred by Heck v. Humphrey, 512 U.S. 477 (1994); (2) plaintiff lacks standing to challenge the forfeiture which is the subject of Count III; (3) any claims asserted against defendants in their official capacities are barred by sovereign immunity; (4) defendant Detroit Area Violent Crime Task Force is not a suable entity; (5) defendants Murphy, Beck, and Gibbs are entitled to prosecutorial immunity; (6) plaintiff's allegations are vague and conclusory and fail to allege personal involvement by defendants; and (7) plaintiff's claim under Count II fails even if not barred by Heck because the statute of limitations has expired.

Plaintiff then filed a motion for leave to file an amended complaint and a response to defendants' motion to dismiss. The magistrate judge granted plaintiff's motion for leave to amend. In his amended complaint, plaintiff conceded that his claims

against defendants Murphy, Beck, Gibbs, and the Detroit Area Violent Crime Task Force were not proper, and the amended complaint removed them from the action. Plaintiff had not served Caldwell, DEA Regional Director, or Parker and the summons had expired.  This left only Fountain and Roel as properly served defendants.  Plaintiff also removed from the amended complaint any reference to his criminal conviction. Defendants filed a reply, combined with a response to plaintiff's motion to amend, arguing that the amended complaint suffers from the same flaws as the original complaint.

The magistrate judge issued a MJRR recommending that defendants' motion to dismiss be granted in part and denied in part.  The magistrate judge recommended that plaintiff's claims under Counts III through V be dismissed but that plaintiff's claim under Count I continue and plaintiff's claim under Count II continue to the extent plaintiff alleges that defendants destroyed his property in the execution of the search warrant.

Defendants objected to the MJRR.  With respect to Count I, defendants argued that the claim was barred by Heck and attached additional exhibits which were not submitted to the magistrate judge to show that the wiretap evidence provided the basis for several of the criminal convictions against plaintiff.  The Court determined that "[b]ecause this record evidence was not before the magistrate judge, the better course is to remand the matter to the magistrate judge for consideration of this evidence, along with any other supplemental evidence defendants may chose to submit, to determine whether the wiretap evidence was central to plaintiff's conviction so as to invoke Heck." See Opinion and Order filed March 26, 2009 at p. 4.

With respect to Count II, defendants argued that the magistrate judge failed to consider its alternative argument that even if plaintiff's claim regarding the search warrant was not barred by Heck, it still fails because it is time barred. The magistrate judge did not consider this argument as it was only raised in a cursory fashion. The Court remanded the issue to the magistrate judge to consider whether Count II was timely. Id.

III.

With respect to Count I, the magistrate judge carefully discussed all of the evidence submitted by the government and concludes that the wiretaps played an integral role in plaintiff's convictions. As such, the magistrate judge recommends that plaintiff's claim in Count I relating to the wiretap evidence be dismissed as barred Heck. The Court agrees. Plaintiff's objections fail to convince the Court otherwise.

With respect to Count II, the magistrate judge concludes that plaintiff's claim accrued at the time of the search, on February 12, 2005. Because plaintiff did not file suit until over three years later, the magistrate judge recommends the claim be dismissed as time barred. In his objections, plaintiff appears to argue that equitable tolling should apply because he was injured during the execution of the warrant and therefore under a "disability" which prevented a timely filing. This is insufficient to warrant tolling. See M.C.L. § 600.5851. Moreover, plaintiff's incarceration is not a basis for tolling under Michigan law, M.C.L. § 600.5851(9), (10), nor is any professed ignorance of the statute of limitations. See Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir. 1991). Plaintiff has therefore failed to demonstrate that the statute of limitations should

4

be equitably tolled.

IV.

Accordingly, the Supp. MJRR is ADOPTED as the findings and conclusions of the Court.  Defendants' motion to dismiss relating to Counts I and II is GRANTED.  This case is DISMISSED.

SO ORDERED.

    s/ Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated:  September 29, 2009

I hereby certify that a copy of the foregoing document was mailed to Michael Clark 28321-039, ESP - Tucson, PO Box 24550, Tucson, AZ 85734  and  the attorneys of record on this date, September 29, 2009, by electronic and/or ordinary mail.

    s/ Julie Owens
Case Manager, (313) 234-5160